UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.  NO. 2:05mj124

DARRELL DESHAWN VINES,

      Defendant.

ORDER

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on September 20, 2005. For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant committed the charged offenses and that his detention is warranted.

On March 2, 2005, the defendant was charged by criminal complaint with conspiracy to possess with intent to distribute and to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," 500 grams or more of a substance containing a detectable amount of cocaine, and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(ii), (iii) and (b)(1)(C). Because more than one of these offenses involves a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, which carries a maximum prison term of ten years or more, a presumption in favor of detention applies in this case. See 18 U.S.C. § 3142(e).

To support a finding of probable cause and to establish that detention is warranted, the Government offered the testimony of Special Agent John Forkin of the Drug Enforcement Administration, who testified in conformance with the contents of the affidavit he executed in support of the criminal complaint. Agent Forkin was then cross-examined by counsel for the defendant. According to Agent Forkin, the defendant was located and arrested in September 2005 based on an arrest warrant issued by the undersigned magistrate judge on March 2, 2005. The defendant was charged with a conspiracy, ongoing since on or about 1998, to possess with intent to distribute and to distribute five or more grams of cocaine base ("crack"), 500 or more grams of cocaine and heroin. There were three others named in the conspiracy, each of which has previously been arrested or charged. According to Agent Forkin, the defendant was cooperative upon his arrest and identified various drug dealers and suppliers. Agent Forkin relied on information regarding the defendant from two confidential informants as specified in the affidavit. The defendant was not identified as the ring leader of the conspiracy, but he was characterized as an independent and significant heroin dealer.

The Court, having considered the affidavit of Agent Forkin and his testimony, FINDS the existence of probable cause to believe that the defendant committed the charged offenses. The Court further FINDS by clear and convincing evidence, based on the

testimony, pretrial services report, and the statutory presumption in favor of detention, that the defendant represents a danger to the community and that there exists no condition or combination of conditions that will reasonably assure the safety of the community.

The Court notes that the defendant did not present evidence by proffer to rebut the statutory presumption in favor of detention. Had the defendant done so, that presumption still would have remained a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). The Court also notes the existence of some favorable evidence in the pretrial services report, which, if presented by the defendant, would have rebutted the presumption. Nevertheless, the Court still FINDS in favor of detention for reasons stated herein.

The Court considered the nature and seriousness of the charge against the defendant. The defendant stands accused of a significant felony offense involving the conspiracy to possess with intent to distribute and to distribute three controlled substances. The defendant faces a sentence of up to forty years on each of the cocaine base and cocaine charges and a sentence of up to twenty years on the heroin charge, if convicted upon evidence beyond a reasonable doubt.

The weight of the evidence against the defendant is strong. According to Agent Forkin, in September 2002 the defendant was

observed by two Norfolk Police Officers engaging in what they believed to be a drug transaction with confidential informant number one, and in October 2002 the defendant was observed in a vehicle with a co-defendant engaging in another drug transaction. The defendant was also identified by confidential informant number six as supplying crack cocaine on numerous occasions between 1999 and 2003, which led to the arrest of confidential informant number six on August 23, 2003 with 1.8 grams of crack cocaine he had received from the defendant.

 The Court next considered the history and characteristics of the defendant.  The defendant has multiple convictions for felony and misdemeanor drug possession and possession with intent to distribute, failure to appear and contempt of court.  The Court notes that the charged offense was allegedly committed by the defendant while he was serving five years of unsupervised probation from a drug-related conviction in December 2001, the defendant having previously been released from supervised probation on May 8, 2003.  The Court notes that the defendant has a significant history of prior drug sale and use and that he admits to having used marijuana weekly since he was eighteen years old and that he used marijuana as late as July 2005.  The defendant does have family ties to this community, including his parents and brothers and sisters.  The defendant has lived with girlfriend and their son in Chesapeake, Virginia since 2003, having previously lived with his

mother in Norfolk, Virginia from 1993 to 2003. The defendant's father and aunt were willing to serve as a third-party custodian and would allow the defendant to be electronically monitored from either of their homes in Chesapeake, Virginia. The defendant has no income or assets, apparently having been unemployed since 2004, and he is supported financially by his girlfriend. The Court also notes that the defendant apparently has maintained regular telephone contact with his six-year old daughter, to whom he pays court-ordered monthly child support of one-hundred seventy five ($175.00) dollars.

The Court considers the defendant a danger to the community due to his extensive history in the sale and distribution of drugs. The Court notes that the cost of having to defend against the charges facing him provides the defendant with an incentive to continue dealing drugs if released. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of charges, the potential for pretrial recidivism exists in accused drug dealers). In particular, the Court notes that the defendant has no apparent source of income other than from the sale of drugs.

In view of the facts set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community.

5

The Court therefore ORDERS the defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

ENTERED this 23rd day of September, 2005.

                                              /s/
                               F. Bradford Stillman
                               United States Magistrate Judge